UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

3417 70TH GLEN EAST
LAND TRUST,

       Plaintiff,

v.                        Case No: 8:20-cv-3090-VMC-AEP

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

       Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to the Motion to Remand filed by Plaintiff 3417 70th Glen East Land Trust ("Glen East") on January 26, 2021. (Doc. # 23). Defendant Deutsche Bank National Trust Company ("DBNTC") responded on February 16, 2021. (Doc. # 30). For the reasons that follow, the Motion is denied.

## I.  **Background**

    DBNTC is a national banking association organized under the laws of the United States, with a main office in Los Angeles, California and a principal office of trust administration operations in Santa Ana, California. (Doc. # 30-3 at ¶¶ 5-9). DBNTC also maintains an office at 60 Wall Street in New York City, New York. (Id.). Several other

1

Deutsche Bank entities, separate and distinct from DBNTC, also maintain offices in the 60 Wall Street building. (Id.).

In the past, DBNTC accepted service at 60 Wall Street in addition to the principal office of trust administration operations in Santa Ana. (Id. at ¶¶ 7-10). However, the Wall Street office stopped accepting service in March 2020 due to the COVID-19 pandemic. (Id.). DBNTC continued to accept service at the Santa Ana office throughout 2020. (Id.).

Glen East initiated this action in state court on October 28, 2020, alleging two counts of tortious interference against DBNTC. (Doc. # 1-1). On November 26, 2020, Glen East represented to the state court that it had effectuated service on DBNTC on November 6, 2020. (Doc. # 1-2 at 9). Specifically, Glen East filed a process server's affidavit that stated:

> Per Jacquelin Welton at the security desk, the respondent Deutsche Bank of 60 Wall Street NY NY has directions to continue to serve process at CT Corp 28 Liberty Street NY NY 10005 as no one currently is present in the building who is authorized to accept legal papers. As of 11/12/2020 she does not know when this method will revert to the original service address.

(Id.).

CT Corporation was not, and never has been, DBNTC's registered agent. (Doc. # 30-3 at ¶ 12). In fact, CT Corporation informed counsel for Glen East on four separate

2

occasions (November 9, 2020, November 10, 2020, November 14, 2020, and November 20, 2020) that DBNTC was not listed on CT Corporation's records, and that it was unable to forward the summons and complaint to DBNTC. (Doc. ## 30-4; 30-6).

Nevertheless, when DBNTC failed to appear in the state court action, Glen East moved for clerk's default on November 28, 2020. (Doc. # 30-7 at 2). Thereafter, Glen East filed a motion for final judgment against DBNTC in the amount of $39.5 million. (Id. at 4-5). The state court scheduled a hearing on the motion for December 30, 2020. (Id. at 7).

According to a sworn affidavit from DBNTC's Vice President, DBNTC was never formally served and only became aware of the litigation on December 23, 2020. (Doc. # 30-3 at ¶ 11). On December 28, 2020, DBNTC removed the case to federal court on the basis of diversity jurisdiction. (Doc. # 1).

Glen East now moves to remand to state court, claiming the notice of removal was untimely. (Doc. # 23 at 8). DBNTC has responded (Doc. # 30) and the Motion is ripe for review.

## II.  **Discussion**

Glen East moves to remand because "it is 100% clear that DBNTC appointed CT Corporation as its agent for purposes of receiving service of process." (Doc. # 23 at 17). Therefore, according to Glen East, the service effected on November 6,

2020, was valid and the notice of removal fell outside the thirty-day window. (Id.).

The Court disagrees. "The time for filing a notice of removal is only triggered by proper service of process." Decoursy v. Deutsche Bank Nat'l Trust Co., No. 5:21-cv-14-TKW-MFJ (N.D. Fla. Feb. 18, 2021) (Doc. # 16) (citing Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 355 (1999)). Under Florida law, service of process on a corporation may be made on an officer, director, employee, or agent of the corporation designated by law. Fla. Stat. § 48.081. While financial institutions like DBNTC are not required to have a registered agent, if a financial institution has no registered agent, service may be made to any officer, director, or business agent at the financial institution's principal place of business or at any other branch, office, or place of business in the state. Id.; Fla. Stat. §§ 48.091; 48.092; 607.501(2); 655.0201.

Glen East failed to serve a DBNTC officer, director, employee, business agent, or registered agent, either at its principal place of business in Santa Ana or elsewhere. (Doc. # 1-2 at 9). Glen East only served process on CT Corporation, an entity that was never authorized to accept service on DBNTC's behalf. (Id.; Doc. # 30-3 at ¶¶ 12-15).

4

The statutes governing service are to be strictly construed. Jensen v. Palmer, No. 8:15-cv-197-EAK-MAP, 2015 WL 899995, at *3-*4 (M.D. Fla. Mar. 3, 2015) (internal citation omitted). Accordingly, service on CT Corporation was not valid service on DBNTC under Florida law. See Id. (denying motion to remand and noting that plaintiff "designated CT Corporation" as the registered agent to be served, but "CT Corporation [was] the Registered Agent for Deutsche Bank Trust Company Americas," which was "a different entity from" third-party defendant Deutsche Bank National Trust Company); Grisales v. Ocala Nat'l Bank, No. 5:13-cv-84-WTH-PRL, 2013 WL 12155961, at *5 (M.D. Fla. May 16, 2013) (finding that plaintiffs failed to properly serve process when they "served a Florida entity that was never appointed or designated by [the defendant] to accept service on its behalf").

The Court comes to this conclusion despite Glen East's argument that it only effectuated service on CT Corporation at the direction of a security officer in the 60 Wall Street lobby. (Doc. # 23 at 15). A district court in the Northern District of Florida recently rejected an identical line of reasoning in Decoursy. No. 5:21-cv-14-TKW-MFJ (Doc. # 16).

In that case, as here, a process server sought to serve DBNTC at 60 Wall Street. A security officer at that location

told the process server that "Deutsche Bank" could be served through CT Corporation. Id. at 6. Despite this instruction, the court still found service on CT Corporation to be invalid because DBNTC never authorized CT Corporation to accept service on DBNTC's behalf. Id.

This Court comes to the same conclusion. According to a sworn affidavit from DBNTC's Vice President, DBNTC's principal place of business was, and has always been, California. (Doc. # 30-3 at ¶ 7). Glen East could have effectuated service at the Santa Ana office at any time throughout 2020. (Id.).

The process server's affidavit does not show otherwise, nor does it show that DBNTC authorized CT Corporation to accept service on its behalf. "[T]here is no evidence that 'Deutsche Bank' and Defendant [DBNTC] are one and the same." Decoursy. No. 5:21-cv-14-TKW-MFJ (Doc. # 16 at 6). On the contrary, several Deutsche Bank entities, including "Deutsche Bank Trust Corporation" and "Deutsche Bank Trust Company Americas," occupied 60 Wall Street, any one of which could be the "Deutsche Bank" referred to in the affidavit. (Doc. # 30-3 at ¶ 9). The fact that one or several of these similarly-named companies hired CT Corporation does not mean that DBNTC, a legally distinct entity, also authorized CT Corporation to

6

accept service. Indeed, several days before Glen East filed the alleged proof of service, CT Corporation informed counsel that it was **not** the registered agent for DBNTC, and that DBNTC would **not** be notified of the summons. (Doc. ## 30-4; 30-6). Accordingly, the Court finds that the service effected on November 6, 2020, was invalid and did not begin the Section 1446(b) clock for DBNTC. <u>Decoursy</u>. No. 5:21-cv-14-TKW-MFJ (Doc. # 16).

Nor is the Court persuaded by Glen East's contention that "proof of valid service is not the only way to trigger the running of the 30-day deadline under [Section] 1446(b)(1)." (Doc. # 23 at 8). True, under Section 1446(b),

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service **or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added). But the Supreme Court has specifically held that the "'or otherwise' language was not intended to abrogate the service requirement for purposes of Rule 81(c)," nor was it intended to "bypass service as a starter for [Section] 1446(b)'s clock." <u>Murphy</u>, 526 U.S. at

7

355. Rather, a defendant is only obliged to engage in litigation once "notified of the action, and brought under a court's authority, by formal process." Id. at 347.

Therefore, contrary to Glen East's contention, "service of process is a sine qua non for the commencement of the running of the thirty (30) day period." Rissman, Barrett, Hurt, Donahue & McClain, P.A. v. Westport Ins. Corp., No. 6:10-cv-898-MSS-GJK, 2010 WL 11626746, at *2 (M.D. Fla. July 29, 2010). Absent formal service on DBNTC, mere receipt of the complaint by CT Corporation — an unrelated entity that was not authorized to accept service in the first place — did not trigger DBNTC's Section 1446(b) clock. Littlewalker v. MMR Constructors, Inc., No. 3:10-cv-213-HLA-JRK, 2010 WL 11623417, at *1 (M.D. Fla. June 29, 2010) (declining to remand because the thirty-day window began once defendant was formally served, not upon receipt of complaint and waiver of service in the mail). DBNTC's notice was therefore timely filed and remand is unwarranted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Glen East's Motion to Remand to State Court (Doc. # 23) is **DENIED.**

8

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of February, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

9